SUMMARY ORDER

Mamadou Ousmane Baro, a native and citizen of Mauritania, seeks review of a December 11, 2007 order of the BIA, affirming the February 17, 2006 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb, which denied Baro’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mamadou Ousmane Baro, No. A78 650 803 (B.I.A. Dec. 11, 2007), aff'g No. A78 650 803 (Immig. Ct. N.Y. City Feb. 17, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005); Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law *87 to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, because Baro has failed to challenge before this Court the agency’s denial of his claim for CAT relief, and because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem that claim waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
Baro also does not challenge the IJ’s finding that he failed to demonstrate by clear and convincing evidence that he applied for asylum within one year of his arrival in the United States, 8 U.S.C. § 1158(a)(2), a finding we would lack jurisdiction to review in any event, 8 U.S.C. § 1158(a)(3); Joaquin-Porras v. Gonzales, 435 F.3d 172, 177 (2d Cir.2006) (acknowledging that the federal courts lack jurisdiction to review the Attorney General’s determinations with respect to the untimeliness of asylum applications). Regardless, the IJ’s determination that Baro lacked credibility as to his date of arrival in the United States was strongly supported by the record where he admitted that two of the documents he submitted to prove his date of entry were not his.
Substantial evidence also supports the IJ’s finding that Baro lacked credibility as to his withholding of removal claim. When considered cumulatively, the numerous inconsistencies that the IJ identified in Baro’s testimony, asylum application, and supporting documents were anything but minor and isolated. Cf. Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). For example, in his second asylum application Baro alleged that he and his family members were arrested and imprisoned together and that military officials gathered him and his family in the same room and confiscated their belongings. An affidavit that Baro submitted from the president of the refugee camp in Senegal also claimed that Baro and his entire family were jailed together in Mauritania. However, Baro testified that only he and his father were arrested and imprisoned and that his other family members were nowhere near them at the time of their arrest. Moreover, the IJ correctly found that Baro repeatedly contradicted himself as to when he first saw his father following his arrest, variously stating that he first saw his father at the scene of his arrest, during his imprisonment while performing forced labor, when he crossed the border into Senegal, and at the refugee camp inside Senegal. As the IJ found, Baro’s explanations for these discrepancies were unclear. Given that Baro’s withholding of removal claim rests on his assertion that Mauritanian government officials persecuted him because of them general animosity toward members of Baro’s family’s ethnic group and their specific hostility toward his father, these discrepancies bore a legitimate nexus to and undermined the very basis of his claim. See Secaida-Rosales, 331 F.3d at 308.[1]
We do not address the IJ’s other credibility findings because the discrepancies we have identified, when considered cumulatively, served to undermine Baro’s withholding of removal claim to such an extent that a reasonable factfinder would not be compelled to conclude to the contrary. See Tu Lin, 446 F.3d at 402.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for *88 a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because Baro's application for asylum and withholding of removal was filed prior to May 11, 2005, the provisions of the REAL ID Act do not apply and Secaida-Rosales remains good law. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-67 (2d Cir.2008); Liang Chen v. U.S. Attorney Gen., 454 F.3d 103, 107 n. 2 (2d Cir.2006).